PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 0 2022

CLERK, U.S. DISTRICT COURT
BY_____ Deputy

## IN THE UNITED STATES DISTRICT COURT

FOR THE ___*Northern*___ DISTRICT OF TEXAS

___*Dallas*___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

*Willie F. Sharper Jr. pro se*
**PETITIONER**
(Full name of Petitioner)

*TDCJ  Coffield Unit*
**CURRENT PLACE OF CONFINEMENT**

vs.

*# 2349400*
**PRISONER ID NUMBER**

**3-22CV1580-G**
*W20-70670 - Q(A)*

*204th District Court, Dallas Co.*
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.     (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.     (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.     (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other:_____     (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _204th District Court, Dallas District_

2.  Date of judgment of conviction: _May 19, 2021_

3.  Length of sentence: _5 years_

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _F2070670 Cont._

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)  ☐ Not Guilty   ☐ Guilty   ☑ Nolo Contendere

6.   Kind of trial: (Check one)   ☐ Jury        ☑ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☑ No

8.   Did you appeal the judgment of conviction?   ☐ Yes   ☑ No

9.   If you did appeal, in what appellate court did you file your direct appeal? _____

_____   Cause Number (if known): _____

What was the result of your direct appeal (affirmed, modified or reversed)? _____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _____

_____

Result: _____

Date of result: _____   Cause Number (if known): _____

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11.  If your answer to 10 is "Yes," give the following information:

Name of court: *Court of Criminal Appeals of Texas*

Nature of proceeding: *Denied without written order*

Cause number (if known): *W20-70670 Q(A)*

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:   9-7-2021

Grounds raised: 6th amendment Ineffective Assistance of Counsel 14th amendment Prosecutors Misconduct and Judical Bias

Date of final decision:   10-6-2021

What was the decision?   Denied Without Written order

Name of court that issued the final decision:   WR-93,070-01

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

## Parole Revocation:

13.   Date and location of your parole revocation: *Date and location unknown*

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☑ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☑ No

16.   Are you eligible for release on mandatory supervision?    ☐ Yes    ☑ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.   Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?    ☐ Yes    ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____
_____
_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?    ☐ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1   Result: _____

–5–

Date of Result: _____

Step 2  Result: _____    _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** 6th amendment, Ineffective Assistance of Counsel (Conflict of Interest)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Relations between Client and attorney was marred with deficient performance and egregious errors, being incompotent in rendering his service (Candor), when Client requested motions filed; withholding important information from the courts which could have been

B.    **GROUND TWO:** 6th amendment, Ineffective Assistance of Counsel; Counsel failed to object.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed in his performance with unwillingness to object to Charges the state brought against applicant, Counsel bringing misleading arguements while applicant's "Colorable" Claims of innocence of the Charge and relevance from evidence went disregarded by the court,

C.    **GROUND THREE:** 6th amendment, Ineffective Assistance of Counsel; Bar Grievance filed

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed in his duties to perform with "Candor" Revealing and Sharing information in regards to appliciant's charges and Criminal standings with outside entitie's. Disregarding appliciant's privacy to Confidentially of information counsel Created a

D.    **GROUND FOUR:** 14th amendment, U.S. Constitution Due Process; Prosecutor's Deliberant Misconduct

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The proper use of evidence from the prosecutor is "Special Responsibility",. In this case, the conduct displayed in her full and individual capacity to threaten and intimidate applicant into a signing agreement was in violation of "Due Process", and

21.    Relief sought in this petition: That the federal Court findings are without liberal construction and see the unjust, unlawful prosecution from the district court. That this case be re-tried.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: _____

(b)   At arraignment and plea: _____

(c)   At trial: _____

(d)   At sentencing: _____

(e)   On appeal: _____

(f)   In any post-conviction proceeding: _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

   I was sentenced May 19, 2021, so this does
not bar me. _____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

  (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

*Willie J. Sharper Jr. pro se*

Signature of Petitioner (required)

Petitioner's <u>current</u> address: *Coffield Unit   2661 FM 2051*

*Tennessee Colony, Tx. 75884*

cont. Ground one (1).
a factor on the outcome of applicant's decision making
concerning his plea. Counsel, in his full capacity, made
unlawful attempts to persuade applicant sign documents
which could have jeapordized applicants conviction where
instead of 5 yrs, 10 yrs were finalized. [see] records and recordings.

cont. Ground two (2).
Which (the court), failed to see the malicious intent displayed
from the state's prosecutor, to convict applicaint of UNL Poss
Fire Arm by Felon. Despite the information applicaint
provided his counsel (Non-Prosecution Affidavit), and other
notable leads, applicant's counsel never raised an argue-
ment or filed any motion's in the time the prosecutor used
the UNL Poss as part of it's prosecution, which resulted
in pro-longing a plea agreement for other lesser charges.
[see] records and recordings.

Cont. Ground three (3)

3rd party, painting applicant's character with disregard to
Client - Attorney relationship. Judge Tammy Kemp dismissed
applicant's allegations as frivolous, the State Bar also
dismissed this as moot. see Attorney's affidavit

Cont Ground Four (4)
applicable state and federal laws. Prosecutor using charges
to prosecute that which were not supported with probable

— four (4) —

Cause effected the final decision on applicant plea agreement by withholding information that proved to be detramental in his decision. The relevancy of applicant's innocent plea towards the "UPF" would have relieved applicant from an unlawful and unjust prosecution had the state's prosecutor done it's full investigation on the "UPF" and used it's prosecution towards applicant's "guilty" plea for other lesser charges.

Ground Five (5)

14th amendment U.S. Constitution Due Process ; Judicial Bias (Prejudice, Indifference and Partial Judgement

The 204th Judge Tammy Kemp, in her full capacity did violate the U.S. Constitution amendment 14th by discriminating against applicant during judicial hearing(s) while showing partial judgement and in administrating justice. Dismissing all "pro se" motions unjustly after hearing applicant's "colorable" claims of "ineffective counsel" and "prosecutor's deliberant misconduct". The effects of Judge Tammy Kemp's responsibilities resulted in prejudicial errors which were a detriment towards applicant's final plea. In regards to "Canon", applicant believe's that had the Judge offered "liberal Construction" in this case and reasoned with the applicant's physical and verbal proof's during judicial hearings, the applicant's chances at a lesser charge/ sentence would have been possible.

Memorandum
Amending the State Courts
decision

Effective Assistance: the applicant is entitled to effective assistance of counsel under the 6th amendment

Prosecutors Misconduct; the applicant is entitled to fair treatment under the 14th amendment of Due Process of law

Judicial duties of the Judicial office: the applicant is entitled to impartially and the right to fair judicial hearing(s).

Strickland Prongs:

1). Deficient Performance: In amending the original writ 11.07 cause no. F-2070670-Q(A), it shows that Counsels performance was below objective standards, and Counsels performance actually created prejudice. Conflict of interest; applicant argued that his counsel refused to file motions on his behalf (record reflects) Discovery Motion, Quash Enhancements, Omnibus motion, and 12.44(a) counsel showed no interest stating "File them yourself" therefore, leaving applicants plea to the court for "pro'se" in substantial. State applicable law Tex. Disc. R. Prof. Cond. Conflict of interest 1.07 and the Fed. Civil. proc. title pleading and motions rule 11(b) supports applicant's allegations.

2). Prejudice to the Defense: To invalidate enhancements, which was asked by applicant, would have made him eligible for state jail punishment under 12.44(a) instead of 2nd degree punishment under 12.35 (a)(c). But applicants counsel aware of the invalid use of the enhancements and never raised an arguement, even at the request before the final plea on May 19, 2021 leaving applicant ignorant of his case status. Any and all information applicant request came as little or nothing at all, at counsels lesure regarding applicants plea as insignificant.

Counsels conflict of interest, was prejudice with his performance

cont. 1

In representation of applicant and there was a reasonable probability the applicant would have recieved a lesser sentence had counsel moved the court to grant motion to Quash Enhancement or sought post conviction relief on previous convictions alleged for enhancements. see Appel v. Horn 250 F. 3d 203, 215-18 (3rd.cir 2001).

Strickland Prongs

1) Deficient Performance : The defendant in a criminal case is entitled to resonably effective assistance of counsel, ex parte Duffy 607 s.w. 2d. 507 (Tex. Crim. App. 1980), also see Strickland. Applicant filed an attorney grievance because counsel's performance was so deficient that it resulted in the court showing "Bias" and "Partiality", depriving the applicant of a fair judicial hearing. See ex parte Scott, 190 s.w. 3d 672 (Tex. Crim. app. 2006). Counsel refused to file an application for probation at applicant's request, noted that the state was under duress from covid protocol, request went disregarded because counsel erroneously believed that applicant was not eligiable. (Applicant was not on parole or probation at the time of his arrest). Disregard of duties, see Tex. Disc. R. Prof. Con. Candor towards the tribunal 3.03. also see ex parte Welch, 981 s.w. 2d. 183 (Tex. Crim. app. 1998) 349 s. w. 3d 548 (Tex. App Houston).

2) Prejudice to the Defense : Confidentiality of Information Tex Disc. R. Prof. Cond 1.05, misconduct 8.04 guildlines 15.05(b) 15.06(b). Counsel disregarded these applicable state laws, violations of the 6th and 14th amendments, fundamental rules that counsel should have considered before making the desision to creat a "3rd party" which was a direct violation to Client and Attorney Relationship, attachment 1st supports applicant's allegations. Understanding from this standpoint that applicant's counsel had no intentions of using his authority in the court as an advocate, there was no other reason for applicant to consider relaying any information to his counsel when it was believed that applicant's counsel was violating his 6th amendment rights, see Bryan v. Scott 28 F. 3d 1411 (5th cir. 1994) note: counsel was asked to call applicant's witness, see attachment 3rd, to verify applicant's allegations to the UPF, but counsel disregarded applicant's request in favor to call applicant's mother who had no knowledge of applicants criminal charges see Murray v. Carrier 477 u.s. 478, 488, 106 s. ct. 2639 91 L 2d. 397 (1986). Because of counsel failing in his duties to perform certain pre-trial functions and making

2.

cont. &

use of important evidence and information, due process became irrelevant during the adjudicated proceeding September and October 2020.[all parties were issued copies of the non-prosecution affidavit but the case was never dismissed until May 19, 2021 court procedure

Strickland Prongs:

1). Prejudice to the Defense: Judical proceedings by the state's prosecutor were in violation of the 14th amendment and its reference to "Special Responsibilities of a Prosecutor Tex. Disc. R. Prof. cond. 3.09, using her full capacity to prosecute the charge "UPF", to threaten and intimidate applicant with prosecution that she knew was not supported by probable cause, see attachment 2nd and violating applicants civil rights with the malicious intent to have applicant plea for unreasonable time for charges not mentioned, in reference to the "UPF," further commencing criminal proceeding against applicant for his innocent plea of the "UPF" with jury trial goes against the 14th amendment's due process of law. see Walker v. Hartman 516 S.w.3d 71, 81 (Tex. App-Beaumont 2017, pet filed)., Also see General Duties of the District Attorney's Art 2.01; Prosecutor failed in her fully capacity to uphold integrity in judicial proceedings violating state appliciable rule 4.10 Pleas, Plea Discussions and Related Statements Prohibited in Criminal Cases (b)(3)(4), also for with holding important information during criminal proceedings that which would have be a deciding factor in applicants pleading... note, applicant was never made aware of the status of the criminal charges he was facing except that during the first proceedings in September 2020, applicant's counsel stated that the charges were raised to 2nd degree because of the enhancements the prosecutor was using, being part of the prosecution. During the final proceeding, applicant asked the court if his status was still 2nd degree but recieved no answer. Only time the applicant was made aware of his status was after the 11.07 was filed and the courts response was made available to which the prosecution form was attached. Applicant believes that the 204th District Court and the states prosecution along with his counsel conspired to get a conviction thru (at the time) applicants ignorance of criminal law and its proceedures, Openly violating applicant's civil right's with no regards towards civil and state laws governing judicial proceedings.    3.

2) Prejudice to the Defense: Violation of the 14th amendment Due Process of law, Judicial conduct duties of the Judicial Office; The Judge, in her offical capacity should have shown diligence, to be impartial in her judgement during judicial proceedings according to Canon. But in this case Judge Tammy Kemp of the 204th District Court, Dallas District discriminated in her judicial obligations with Bias and disregard to applicant's rights under the U.S. Constitution which resulted in arbitary, for a fair judicial hearing and being unlawfully prosecuted by disregarding applicant's pleas of prosecutor's deliberant misconduct and ineffective assistance of Counsel. During admonishment phase(s) from September and October 2020, the Judge was very unreasonably unjust with applicant and harbored malice in regards to applicant's disposition and criminal charge of "Theft", making unproffessional statements and moving the state's proseutor to prosecute applicant if he doesn't agree to the ~~time~~ that was offered as the plea agreement at that time. During these phase(s), applicant spoke of the "in-justness of the disposition of the court" ( both parties); unjust disposition from both parties asking Judge Tammy Kemp to relieve him of the unjust treatment and prosecution, with physical proofs (verbal), but saw applicant's plea as insignificant, violating federal and applicable state rules 276 F. Supp. 2d 278 (E.D.PA. 2003) and William v. Taylor 529 U.S. 362, 412, 120 St. Ct. 1495, 146 L. Ed. 2d. In Canon 3. Performing of Judicial Duties, Judge Kemp's judgement was marred by numerous errors 1). failed to see the malicious intentions from which the prosecutor displayed 2). Failed to address allegations of ineffective assistance of Counsel. 3) Failed in her full capacity to make sure both party's were in compliance of the judicial proceedures and guidelines governing the prosecution, and 4). Showing personal feelings in dealing with a criminal case.

Applicant is seeking relief from the final decision and finding of guilt, to applicant's nolo plea in favor of time served. For Counsels inadequate investigation and preparation. see Appel v. Horn 250 F.3d 203 215-18 (3d cir 2001) For prosecutor's procedural injustice and disregarding obligation of Special Responsibilitie's, exploitation of rights to effective counsel in defiance of individual responsibilities, not simply to be an avocate. For the unlawful prosecution of a charge, systematically abuse of obligations which applicant plea of innocence of the UPF should have been decided upon the basis of sufficient evidence, not for prosecutional discretion. For Judge Kemp's incom-

*note: the underlined is the *mistake and correction of proper grammer to the best of my ability.

4.

cont. 4

potence upon administering justice, making prejudicial errors which proved detrimental in the judicial proceedings resulting in miscarriage; see U.S. amendments 5th, 6th, 8th and 14th

## Prayer

Layman, pro se, prays that the Honorable Court gives liberal Constru-ction to his 2254 appeal, to be heard with integrity. also note that a second bar grievance was filed against counsel for failure to file motion(s) summery and production of Documents (court trans-cripts and recordings) and Client files but to no avail. Applicant prays that the Honorable Court places an Order to release such docu-ments as exhibits to his 2254.

Respectfully Submitted
Willie J. Sharper Jr.
#2349400
Coffield Unit
2661 FM 2051
Tennessee Colony, Tx
7-13-22                    75884

## -Overview-

Applicant was overly prosecuted for the charge "UPF", when there were documents stating his innocence. Applicant's arguement was his guilt for "theft" charges which the state's offer was probation only if he agreed to open plea for the "UPF". Applicant was confident that the UPF would be dismised and asked his counsel to focus on the dismisal of the enhancements, to lower the status of "2nd degree" to "State Jail" or in favor of "probation", but Judicial proceedure(s) continued to be prolonged with the threat of "Jury trial" if applicant refused to plead with unreasonable numbers while the court allowed his counsel and the state's prosecutor to violate his judicial and constitutional rights, without order.

*NOTE; I never gave information promise to release any other information, but that to call my aunt.*

# AFFIDAVIT

**STATE OF TEXAS** §

**COUNTY OF DALLAS** §

In RE: 202006098 – Willie Sharper, Jr. – Phillip Wayne Hayes

"My name is PHILLIP WAYNE HAYES I am capable of making this affidavit. The facts stated within this affidavit are within my personal knowledge and are true and correct.

I have not violated the attorney-client privilege in that I did not relay any information Willie Sharper, Jr. conveyed to me to any third-party.

[ I did tell his mother he should take the offer of eight (8) years in prison because he is accused of committing more than a dozen crimes some of which carry a minimum sentence of 25 years and many of which are captured on video. He also has cases pending in at least two (2) other counties.] This is what would be considered a "good deal".

I did tell him I would not file __frivolous motions__ or motions that he or other inmates have "__made up__". All legal and meritorious motions were filed in this and every case.

SIGNED this the 29th day of December, 2020.

PHILLIP WAYNE HAYES

SWORN TO AND SUBSCRIBED before me, the undersigned, this the 29th day of December, 2020.

Notary Public In and For
The State of Texas

GRACIELA ITZEL JASSO
Notary Public, State of Texas
Comm. Expires 11-10-2024
Notary ID 130896155

*✱. This is counsel's objection to applciant's grievance.*
*Attachment 1#*

AFFIDAVIT – Page 1

FILED

20 OCT 30 AM 9:53

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

**Patrick Crawford** DEPUTY

STATE OF TEXAS

COUNTY OF DALLAS

## AFFIDAVIT OF

## NON PROSECUTION

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY

APPEARED _Tammy Wilson_.

THE COMPLAINING WITNESS, WHO AFTER BEING DULY SWORN STATED:

I AM THE COMPLAINING WITNESS IN:

CAUSE NUMBER _F 205 1610_

THE STATE OF TEXAS VS. _Willie F Sharper Jr._

IN WHICH DEFENDANT IS CHARGED WITH THE OFFENSE OF:

_UNL Poss Fire Arm By Felon_

IT IS MY PERSONAL DESIRE THAT THE DEFENDANT NOT BE PROSECUTED FOR THIS OFFENSE AND THAT THE CASE PRESENTLY PENDING AGAINST THE DEFENDANT BE DISMISSED FOR THE FOLLOWING REASONS:

_I Tammy Wilson own the 2010 Mercedes E350_
_the gun I own the gun that was in my car_
_my contact number is (682-321-6776_

I, _Tammy Wilson_, DO NOT WISH TO TESTIFY AGAINST THE DEFENDANT AS A WITNESS OR COMPLAINANT, ALTHOUGH I AM AWARE THAT I CAN BE COMPELLED TO DO SO IF SUBPOENAED BY THE STATE OF TEXAS.

I HAVE NOT BEEN COMPELLED, THREATENED, OR COERCED TO SIGN THIS AFFIDAVIT IN A MATTER, NOR HAVE I BEEN OFFERED ANY BRIBE OR IMPROPER INDUCEMENT AS A BENEFIT OR REWARD FOR THE SIGNING OF THIS AFFIDAVIT.

I AM SIGNING THIS AFFIDAVIT KNOWINGLY, VOLUNTARILY, AND FREELY.

_New Phone # 214-208-6226_
_Tammy Wilson (aunt)_
_Jerry Thompson (uncle)_

_Tammy Wilson_

_Attachment 2#_

# State Commission on Judicial Conduct



**Officers**
David C. Hall, Chair
Ruben G. Reyes, Vice-Chair
Janis Holt, Secretary

**Members**
David M. Patronella
Darrick L. McGill
Sujeeth B. Draksharam
Ronald E. Bunch
Valerie Ertz
Frederick C. Tate
M. Patrick Maguire
David Schenck
Clifton Roberson

**Executive Director**
Jacqueline R. Habersham

December 22, 2020

**CONFIDENTIAL**

Willie Sharper #20014067
P.O. Box 660334
Dallas, Texas 75266

Re:    CJC No. 21-0546    *Judgement on Judge T. Kemp*

Dear Mr. Sharper:

    We have received your complaint against a Texas judge. All complaints receive a thorough review and investigation relevant to the allegations, and are presented to the Commission. After its consideration, the Commission may dismiss a complaint, impose sanctions against a judge, or take other appropriate action. The Commission's actions are governed by Article V, Section 1-a of the Texas Constitution and Chapter 33 of the Texas Government Code.

    Please be advised that our proceedings are confidential. We are prohibited by Section 33.033(c) of the Texas Government Code from identifying by name the judge against whom you have filed a complaint. In order to assist us with our investigation, please reference the above-listed CJC case number in all future correspondence. Additionally, if you intend to submit additional documents for our consideration, please send photocopies.

    For your additional assistance, we have enclosed an information sheet that will explain more completely the process involved in investigating allegations of judicial misconduct. We will inform you in writing of the Commission's action on your complaint.

    If you have any questions or need additional information, please contact our office. When calling, please mention the above-listed CJC case number so as to expedite your phone call.

**STATE COMMISSION ON JUDICIAL CONDUCT**

Enclosure

*Attachment 4* (handwritten)

**CHAIR**
KELLI M. HINSON

**VICE CHAIR**
MICHAEL C. GROSS

**MEMBERS**
JESSICA Z. BARGER
JASON BOATRIGHT
GUY D. CHOATE
JOSEPH F. CLEVELAND, JR.
DAVID IGLESIAS
W.C. KIRKENDALL
RUDOLPH K. METAYER
WILLIAM W. OGDEN
NANCY J. STONE
CINDY V. TISDALE

**EXECUTIVE DIRECTOR**
**& GENERAL COUNSEL**
JENNY HODGKINS

**DEPUTY DIRECTOR**
**& COUNSEL**
MATTHEW J. GREER

**EXECUTIVE ASSISTANT**
JACKIE TRUITT

# THE BOARD OF DISCIPLINARY APPEALS

### APPOINTED BY THE SUPREME COURT OF TEXAS

**November 19, 2021**

Willie Frank Sharper Jr.
#2349400, Sanchez Unit
3901 State Jail Rd.
El Paso, TX 79938

RE: Disposition of Appeal Notice
Willie Frank Sharper Jr. v. Sarah Anne Racheal Sherman   *— District Attorney* (handwritten)
202104576; BODA Case No. 65982

Dear Mr. Sharper:

On November 18, 2021, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas considered your appeal from the dismissal of your grievance. The Board is a separate body from the State Bar of Texas Chief Disciplinary Counsel who screened your grievance when you filed it. After reviewing your grievance as you originally filed it and no other information, the Board has determined that the conduct you described in the grievance does not violate the Texas Disciplinary Rules of Professional Conduct or is otherwise not actionable under the Texas Rules of Disciplinary Procedure. Therefore, the Board affirms the dismissal of your grievance.

This decision concludes your appeal, and the Board has closed its file. The Board's decision is final.

Information concerning the disciplinary system, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com. The Board's Internal Procedural Rules are available at www.txboda.org.

Very truly yours,

Jenny Hodgkins
Executive Director & General Counsel

JH/jt

cc: Sarah Anne Racheal Sherman

Office of the Chief Disciplinary Counsel
State Bar of Texas
PO Box 13287
Austin, TX 78711
(512) 427-1350
(877) 953-5535 toll free

7-11-22

To: District Clerk of the
U.S. District Court Northern
District



RECEIVED

JUL 20 2022

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

I would like to have this whole packet copied and
sent back to me please, keep the original

Respectfully Submitted
Willie Sharper Jr.

RECEIVED
JUL 20 2022
mb

## Advisory to the Honorable Court

This advisory to this Honorable Court is made in good faith and to ensure that the Court is aware of the events that have taken place effecting defendant's ability to litigate his criminal appeal.

On the date of June 14, 2021, defendant was transfered to the Texas Dept. of Criminal Justice to serve out a 5 year sentence which was appealed thru the state court on or around August 1, 2, 2021. Having been placed at the John Middleton Unit thus being transfered to the Sanchez Unit within a years time I had been denied access to the Courts because these two prison(s) law library are legally in violation of the U.S. Constitution seeing that there is no Federal case law or assistance for proper litigation. These prison(s) law library has no sufficiant up-dated case law at hand so the amount of time taken away from criminal and civil research has been the determining factor of this appeal being prepared. I am a Layman pro se, and have been in transit for the last 2 months which now has been allowed the opportunity to litigate in a vast library and so now pray that this Honorable Court accepts appliciant's plea to enter into the 28 U.S.C § 2254 form of federal Appeals to further his cause, to seek relief from the District Courts decision.

Willie Frank Sharper Jr.
pro se.

Respectfully Submitted

Willie Frank Sharper Jr. #2349400
Coffield Unit
2661 FM 2051
Tennessee Colony, Texas
75884





RECEIVED-1
JUL 20 2022
MAILROOM

Legal Mail

United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce St. Room 1452
Dallas, Texas 75242-1310

58X3